[S. F. No. 10399. In Bank.—September 25, 1922.]

VIRGIL J. GARIBALDI, Petitioner, v. J. H. ZEMANSKY, as Registrar, etc., Respondent.

[1] ELECTIONS—BALLOT—BLANK SPACES UNDER NAMES OF NOMINATED CANDIDATES.—While the primary election law makes no special provision in regard to blank spaces on the general election ballot under the names of the persons receiving a majority vote at the primary, in view of the fact that the General Election Act not only provides for the printing upon the ballot of blanks equal to the number of offices to be filled, but also specifically provides that the instructions to voters shall direct that where the voter wishes to vote for the person whose name is not printed on the ballot he shall do so by writing the name in the blank space thereon provided, there should be blank spaces under the names of the majority candidates equal to the number of such candidates and under the second group a number of blanks equal to the number of offices to be filled after deducting the number in the majority group, and therefore, where at a primary election to nominate five justices of the peace only one of the candidates received a

majority of the vote cast, and eight others the next highest vote, there should be a blank space under the name of such majority candidate and four blank spaces under the names of the remaining nominees.

[2] ID.—"MAJORITY CANDIDATES"—PRINTING OF WORDS ABOVE NAMES. The words "majority candidate," "majority candidates" and "majority group" should not appear on the general election ballot over the names receiving the majority of all the votes cast at the primary, since, while it is true that the statute designates the candidates receiving a majority of the votes cast at the primary as "majority candidates" it is apparent that such language is used as a matter of convenience in expressing the intention of the legislature and not for the purpose of designating them as such upon the ballot.

APPLICATION for a Writ of Mandate to require a registrar of voters to print a blank space on a general election ballot following the name of the majority candidate for the office of Justice of the Peace and to omit from said ballot over such name the words "majority candidate." Granted.

The facts are stated in the opinion of the court.

Robert W. Harrison for Petitioner.

George Lull for Respondent.

THE COURT.—*Mandamus.* At the primary election held on August 29, 1922, five justices of the peace were to be nominated in the city and county of San Francisco. Frank T. Deasy, only, received a majority of the vote cast at the election for justices of the peace, and James G. Conlin, A. T. Barnett, Thomas F. Prendergast, Rolla B. Watt, Frank W. Dunn, James Carroll, Joseph Golden and M. J. Sullivan received the next highest vote.

[1] Section 23 of the primary election law of 1921 (Stats. 1921, p. 1217), provides that the candidate or candidates receiving a majority of all the votes cast under such circumstances shall be printed separately under a designation, vote for one, or two, or more, such number to be equal in number to the candidates receiving a majority vote. If one candidate receives a majority vote, the direction is to "vote for one"; if two, to "vote for two," and so on. The primary election law makes no special provision in regard

to blank spaces under the names of the persons receiving a majority vote at the primary, and no form of ballot to be used at the general election is printed therein, conforming to the amendments of 1921. Therefore, if the primary election law was alone considered it might justify the conclusion that there should be no blank spaces under the names of the majority candidates, but the General Election Act not only provides for the printing upon the ballot of blanks equal to the number of offices to be filled but also specifically provides that the instructions to voters shall direct that where the voter wishes to vote for the person whose name is not printed upon the ballot he shall do so by writing the name in the blank space thereon provided. (Secs. 1196, 1197, 1203, 1205, 1206, 1211, Pol. Code.) In order that these directions may be followed it is essential that there shall be printed on the ballot a blank space wherein the voter may write in the name of his choice for every office. The effect of the primary election law (sec. 23), so far as the method of voting is concerned, is to designate separate offices equal in number to the majority candidates, leaving the remainder of the justices (minority candidates) to be elected to separate and distinct offices.

Another consideration leads to the same conclusion. The primary election law devises a scheme for the nomination of candidates who are to be voted upon at the general election. If the voter is deprived of writing in a name of a candidate in opposition to the candidate nominated at the primary election, the effect is to make the nomination an election, whereas the constitution provides, with reference to the offices therein named, that the election shall be on the first Tuesday after the first Monday in November, and the law providing for the office of justice of the peace provides that they shall be elected on the first Tuesday after the first Monday in November. (Sec. 85, Code Civ. Proc.) It follows that there should be blank spaces under the names of majority candidates equal to the number of such candidates and that under the second group there shall be printed a number of blanks equal to the number of offices to be filled after deducting the number in the majority group. In this case there should be one blank under the name of Frank T. Deasy and four blanks under the names of the remaining nominees.

[2] The petitioner claims that the respondent intends to print the words "majority candidate," "majority candidates" and "majority group" over the names receiving the majority of all the votes cast, that is to say, in this case, over the name of Frank T. Deasy. It is true that the statute designates the candidates receiving a majority of the votes cast at the primary as "majority candidates," but it is apparent that this language is used as a matter of convenience in expressing the intention of the legislature and not for the purpose of designating them as such upon the ballot. After designating the majority candidates or majority group, the statute provides as follows: "Said group on the ballot being preceded by the designation of the office and the words 'vote for ——,' the blank being filled by a number equal to the number of names in such 'majority group'; and in addition to the 'majority group' there shall be printed on the ballot in a separate group, and separated from such 'majority group' . . . " According to this provision the name of Frank T. Deasy should be preceded by the designation of the office, to wit, "Justice of the Peace," and the words "Vote for One."

Let the writ issue as prayed for.

Wilbur, acting C. J., Lennon, J., Lawlor, J., Richards, J., *pro tem.*, and Waste, J., concurred.